## Hehn v. Franklin

*J. A. Dolphin*, for plaintiff.

*J. J. Gallagher*, for defendant.

HICKS, P. J., November 11, 1935. — On January 26, 1934, the defendant filed a transcript on appeal from a justice of the peace in the prothonotary's office. Nothing further was done until April 26, 1935, when the prothonotary entered a judgment of non pros upon the præcipe of the defendant's attorney. On May 6, 1935, this court awarded a rule to show cause why the said judgment of non pros, entered in the proceeding by the prothonotary, should not be stricken off as having been improvidently entered without authority or warrant of law.

The defendant in filing his præcipe for, and the prothonotary in entering the judgment of non pros, took such action, ostensibly, under rule 215 of our rules of court. Said rule provides as follows: "A judgment of non pros shall be entered by the Prothonotary upon the written application of the defendant, if no statement of claim be filed within one year after issuing the writ". It is the contention of the defendant that the judgment of non pros was properly entered because no statement of claim had been filed within one year after the filing of the transcript on appeal or the issuing of the summons by the justice of the peace in the proceeding before him. With this contention we cannot agree, for our rule of court does not contemplate that a judgment of non pros may be entered by the prothonotary under such circumstances. It is only when a party fails to file a statement

of claim within one year after issuing the writ out of the court of common pleas that a judgment of non pros may be entered by the prothonotary upon compliance with the said rule of court. Certainly the transcript on appeal is not a writ. A writ is defined to be a precept in writing, couched in the form of a letter, running in the name of the king, president, or state, issuing from a court of justice and sealed with its seal, addressed to the sheriff or other officer of the law, or directly to the person whose action the court desires to command, either as the commencement of a suit or other proceeding, or as incidental to its progress, and requiring the performance of a specific act, or giving authority and commission to have it done: Road in Lower Towamensing Twp., 10 Dist. R. 581, 582; 71 C. J. 1625. And that the writ, referred to in the rule, does not include a writ issued by a justice of the peace in a proceeding before him which later reaches the court of common pleas upon appeal, is quite obvious and needs no discussion.

We advert to the fact, although it is not the basis of our decision in this case, that the transcript on appeal fails to show that any judgment whatsoever was entered by the justice of the peace and hence there was nothing from which an appeal to this court could be taken.

And now, November 11, 1935, the judgment of non pros entered in this case is hereby stricken off.